UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT FRANCIS ICEBERG,

    Plaintiff(s),

v.

SEATTLE CENTRAL COLLEGE, et al.,

    Defendant(s).

Case No. 16-CV-00525 RSL

PLAINTIFF'S FIRST COMPLAINT

## I. INTRODUCTION

It is unfortunate that many institutions of higher learning continue to do poorly when it comes to providing reasonable accommodations for disabled students. Plaintiff would much rather be reasonably accommodated than litigate this matter in Federal Court. The facts will always demonstrate that Plaintiff gave Defendants many chances to comply with the law before litigating in court.

## II. PARTIES

Plaintiff
Scott Francis Iceberg
715 2nd Ave N apt 001
Seattle, WA 98109
248-719-9924
scotticeberg@yahoo.com


Defendants:

Seattle Central College
1701 Broadway
Seattle, WA 98122

Alfred Souma, in his personal capacity.
1701 Broadway
Seattle, WA 98122

Wendy Rockhill, in her personal capacity.
1701 Broadway
Seattle, WA 98122

## III. JURISDICTION

The events giving rise to this matter occurred within this court's jurisdiction. All parties reside/do business within the court's jurisdiction.

Amount in controversy is over $75,000.

There are Federal Questions.

This court has subject matter jurisdiction should it choose to exercise it.

## IV. STATEMENT OF FACTS

1. Plaintiff is a current student at Seattle Central College. Plaintiff first began attending classes in April, 2015 as part of an Individual Plan For Employment through the Division of Vocational Rehabilitation.

2. Plaintiff has been diagnosed with Major Depressive Disorder, Generalized Anxiety Disorder, Panic Disorder, Post Traumatic Stress Disorder, and Respiratory Illness.

3. Plaintiff has been determined to be qualified for vocational rehabilitation services through the Division of Vocational Rehabilitation due to his disability. Plaintiff is also a current recipient of Social Security Disability Insurance. Plaintiff was determined to be disabled by the Social Security Administration through Disability Determination Services of the State of Michigan, approximately January, 2013. As such, it follows that Plaintiff is qualified under the meaning of the ADA, Rehabilitation Act, and WLAD, as disabled; and thus qualified to receive reasonable accommodations.

4. During his first quarter of school at Seattle Central, Plaintiff contacted Alfred Souma, the director of Disability Support Services at Seattle central, via email, requesting the accommodation that Mr. Souma communicate with Plaintiff via email, rather than in person, or on the phone. Plaintiff articulated specifically how his disability affects his ability to communicate effectively on the telephone, or in person. Mr. Souma, although ostensibly well trained in the area of accommodating students with mental illness, denied Plaintiff's reasonable and readily achievable request. Mr. Souma did not articulate any legitimate reason why Plaintiff's request was an undue burden financially, or administratively. Mr. Souma failed to articulate any legitimate reason why Plaintiff's request was unreasonable. Plaintiff initially gave up on seeking accommodations, and attempted to proceed without the assistance of Mr. Souma.

5. Because of Mr. Souma's refusal to grant Plaintiff's reasonable request Plaintiff was unable to obtain equal access to the services offered by the school. Plaintiff was also very disturbed that the person tasked with ensuring compliance at the school was so recalcitrant, and in effect ensuring the opposite of compliance with the ADA, Rehabilitation Act, and WLAD.

6. Plaintiff continued to attempt to contact Mr. Souma by email, sending him various authority demonstrating that Plaintiff's request was reasonable, and that Mr. Souma's continued refusal to grant Plaintiff reasonable request was causing Plaintiff severe harm, and would force Plaintiff to file a lawsuit in Federal Court. Plaintiff expressed his extreme displeasure that ultimately the tax payer would have to pay for a lawsuit, causing Seattle Central College to have less funds to meet the needs of its students and staff.

7. After Plaintiff repeatedly threatened a lawsuit, Mr. Souma reluctantly begin communicating with Plaintiff via email, more than five months after Plaintiff's initial request, and after Plaintiff was substantially harmed by Mr. Souma's initial refusal.

8. During the Winter 2016 quarter Plaintiff made the reasonable request for an accommodation directly to his teacher Mr. Thomas Esch. Mr. Esch did not respond to Plaintiff's request. Plaintiff repeatedly contacted Mr. Esch in an attempt to obtain several accommodations. Mr. Esch failed to respond. Plaintiff then requested, several times, that Mr. Esch allow Plaintiff to drop the class. Mr. Esch failed to respond. Plaintiff then sent several emails to various staff at Seattle Central alleging that Mr. Esch was intentionally ignoring Plaintiff's request for accommodation, and subsequent requests to drop the class as a form of disability discrimination. In response to Plaintiff's allegetions Mr. Souma immediately responded to Plaintiff's email stating, without any investigation whatsoever, that no discrimination had occurred, and then proceeded to admonish and publicly humiliate and embarrass Plaintiff for his making an allegation of discrimination.

## COUNT I, II, III : ADA TITLE II/REHABILITATON ACT/WLAD FAILURE TO ACCOMMODATE

13. Plaintiff incorporates and realleges paragraphs 1 - 12.

14. Defendants are recipients of Federal funding.

15. Plaintiff's requests for accommodation, specifically that he be allowed to miss class without it adversely affecting his grade, and that he be given a two week grace period in regard to assignment due dates, is both reasonable, and readily achievable. Furthermore, since Defendants are recipients of Federal funding, they are required to give deference to Plaintiff's preferred accommodation.

16. Plaintiff's requests for accommodation are specifically designed towards Plaintiff's afflictions so that Plaintiff may fully enjoy the services offered by Defendants, without fundamentally altering the course objectives, or material, or outcome. Plaintiff's requests were similar, and even far less substantial, than accommodations typically granted in a similar circumstance to similarly situated students.

17. Defendants repeatedly failed to engage in good-faith in an interactive process with Plaintiff in order to grant reasonable accommodation to Plaintiff. Mr. Souma specifically would instruct teachers to cease communicating with Plaintiff regarding accommodations, and other concerns related to Defendants requirements under the law.

18. Defendants would tell Plaintiff he would be accommodated, then later reneg on their agreement to accommodate. This was done at the behest of Mr. Souma.

## VI.
## COUNT IV, V, VI : ADA TITLE II/REHABILITATION ACT/WLAD RETALIATION

19. Plaintiff incorporates and reallegs paragraphs 1- 18.

20. Plaintiff has repeatedly complained to the staff at SCC, including Mr. Souma, and Ms. Rockhill, that their actions and policies do not comport with the ADA, Rehabilitation Act, and WLAD. Plaintiff has made specific allegations of discrimination.

21. In response to Plaintiff's protected activities Defendants have taken many adverse actions against Plaintiff; including publicly humiliating Plaintiff, admonishing Plaintiff for making allegations of discrimination, encouraging Plaintiff to drop classes, refusing to communicate with Plaintiff, forcing Plaintiff to unnecessarily reveal his disability to many parties, refusing to offer needed services to Plaintiff, and other adverse actions.

## VII.
## COUNT VII, VIII : ADA TITLE II/REHABILITATION ACT DISPARATE IMPACT

22. Plaintiff incorporates and realleges paragraphs 1- 21.

23. Defendants policies, and customs, do not comport with the ADA Amendments Act, or recent case law, in regard to complying with the requirements of the ADA, Rehabilitation Act, and WLAD.

24. Defendants policies have the effect of discouraging otherwise qualified disabled individuals from accessing the public services and/or requesting reasonable accommodations in relation to their disability.

25. Defendants policies, and customs, in relation to complying with the requirements of the ADA, Rehabilitation Act, and WLAD, are specifically designed to give the appearance of compliance, while ensuring many disabled students are unable to have their rights under the ADA, Rehabilitation Act, and WLAD adhered to by Defendants

## VIII.
## COUNT VIX :
## 1983 USC

26. Plaintiff incorporates and realleges paragraphs 1 - 25.

27. The ADA, Rehabilitation Act, WLAD, the right to be free from disability discrimination, the right to equal protection, and the right to due process, are very well known. Furthermore, Plaintiff repeatedly made Defendants aware of their obligations under the above mentioned laws. Moreover, with regard to Mr. Souma, his training and work experience would suggest without a doubt that he is aware of his requirements in complying with the above mentioned laws.

28. Defendants, as state actors, and under the color of state law, have deprived Plaintiff or his statutory and constitutional rights.

29. As a result of Defendants depriving Plaintiff his rights under the law Plaintiff has suffered severe and continuing harm.

## VIX.
## COUNT X :
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporates and realleges paragraphs 1 - 29.

31. Defendants actions have been intentional and/or reckless. There is no way Mr. Souma is unaware of how his actions adversely affect Plaintiff. Plaintiff has repeatedly made Mr. Souma, and other SCC staff aware of how their failure to follow the law severely affects Plaintiff.

32. Defendants conduct has been extreme and outrageous. Mr. Souma's actions are especially egregious given his being tasked with ensuring compliance with the law.

33. Defendants conduct has caused Plaintiff extreme harm and emotional distress.

Plaintiff requests $300,000 monetary relief.

Plaintiff requests any and all other relief the court may deem proper.

## X.
## JURY DEMAND

Plaintiff requests a trial by jury.

RESPECTFULLY submitted this 7th day of April, 2016

SCOTT ICEBERG 715 2nd Ave N apt 001 Seattle, WA 98109

248-719-9924
scotticeberg@yahoo.com



Scott Iceberg
715 2nd Ave N apt 1
Seattle, WA 98109

CLERK, US DISTRICT COURT
United States Courthouse
700 Stewart Street, Suite 2310
Seattle, WA 98101

attn: new civil filing