MAGISTRATE JUDGE JAMES P. DONOHUE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>SEATTLE CENTRAL COLLEGE; ALFRED SOUMA, in his personal capacity; and WENDY ROCKHILL, in her personal capacity,<br><br>　　　　Defendant(s). | NO. 16-CV-00525-RSL<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO FOR APPOINTMENT OF COUNSEL<br><br>NOTE ON MOTION CALENDAR:<br>October 7, 2016 |

## I.　INTRODUCTION AND RELIEF REQUESTED

Defendants Seattle Central College ("SCC"), Alfred Souma and Dr. Sheila Edwards Lange (hereinafter "Defendants") submit this response to Plaintiff Scott Iceberg's Motion for Appointment of Counsel. (Dkt. 42). Defendants request the Court deny the motion because plaintiff has not demonstrated that (1) he has made any efforts to retain an attorney; (2) that he is unable to afford an attorney; (3) that his claim is likely to succeed on the merits; or (4) that he is unable to articulate his claims on his own behalf.[1]

Alternately, if the Court appoints Plaintiff pro bono counsel, Defendants request the Court require the appointed counsel to certify that the Amended Complaint complies with Fed. R. Civ.

---

[1] These requirements are set out in the Court's pro se guide available on the Court's website.

P. 11, and issue an order setting timeframes for completion of that certification or amendment of the complaint, a due date for Defendants' motion to dismiss to the amended complaint, and to order a stay of discovery prior to the Court's decision on such a motion.

## II.  FACTS

This civil lawsuit arises from Plaintiff's claims that Defendants failed to accommodate various disabilities he alleges to suffer. Plaintiff filed his first complaint in this matter on April 11, 2016. Dkt. 1. On May 5, 2016, Mr. Iceberg filed a Motion for Leave to File First Amended Complaint (Dkt. 14), which the Court granted without objection from Defendants (Dkt. 19). On June 6, 2016, Plaintiff filed his amended complaint (Dkt. 20), wherein he is bringing claims against the Defendants for violations of Title II of the American with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), and violations of 42 U.S.C. 1983.

Since filing his initial complaint, Plaintiff has actively litigated this case. In addition to his Motion for Leave to File an Amended Complaint, on June 14, 2016 Plaintiff filed a Motion to Strike Defendants' Affirmative Defenses (Dkt. 26). Plaintiff has propounded interrogatories on both Mr. Souma and Dr. Edwards Lange.[2] Plaintiff now requests that this Court appoint him pro bono counsel (Dkt. 42), however he does not establish that he is entitled to counsel to assist him in litigating this case.

## III.  EVIDENCE RELIED UPON

Declaration of Jana Hartman and its attached exhibit, and the pleadings and records in this matter.

## IV.  LEGAL AUTHORITY

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.1981). Although the court can request counsel to represent a party, 28 U.S.C. §1915(e)(1), the court may do so only

---

[2] Declaration of Jana Hartman, ¶4.

DEFENDANTS' MEMORANDUM IN SUPPORT
OF PARTIAL MOTION TO DISMISS
CAUSE NO. 16-00525 RSL

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn*, 789 F.2d at 1331).

Plaintiff has failed to establish a basis for this Court to grant his request to be appointed counsel. He has failed to establish that he is unable to afford an attorney and has failed to complete and file the Financial Affidavit required by this Court.[3] Plaintiff has not demonstrated that his claims have a likelihood of success on the merits. As evidenced by the pleadings filed in this case, Plaintiff is clearly able to articulate his claims on his own. He has filed several motions and has propounded discovery on Defendants. He also knows how to cite cases and other authorities and to present arguments from that authority. He has stated to defense counsel that he finds litigating this case "fun", and it will be an "invaluable learning experience to take this to trial."[4] The Plaintiff has failed to establish the existence of exceptional circumstances justifying the appointment of counsel pursuant to 28 U.S.C. § 1915. Therefore, the Plaintiff's motion for appointment of counsel should be denied.

Alternately, if the Court grants Plaintiff's motion to appoint pro bono counsel for Plaintiff, Defendants request the Court provide a timeline for the pro bono counsel to conduct a reasonable inquiry into the merits of Plaintiff's alleged claims, and certify that the Amended Complaint meets the requirements of Fed. R. Civ. P. 11. Defendants would request that after such certification, or if necessary the filing of a second amended complaint that complies with Rule 11, that the Court set a timeline for Defendants' filing of Fed. R. Civ. P. 12 motions. Defendants also

---

[3] This would not prevent Plaintiff from otherwise seeking counsel under a private arrangement, which may be done regardless of the Court's appointment.
[4] Declaration of Jana Hartman, Ex. 1.

DEFENDANTS' MEMORANDUM IN SUPPORT
OF PARTIAL MOTION TO DISMISS
CAUSE NO. 16-00525 RSL

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

request the Court's order direct that discovery shall be stayed prior to a Rule 11 certification by pro bono counsel and the Court's decision on Defendants' motions to dismiss.

## V. CONCLUSION

Defendants respectfully request the Court deny Plaintiff's motion for appointment of counsel in this matter. If the Court grants the motion to appoint pro bono counsel for Plaintiff, Defendants request a scheduling order be issued providing a timeframe for pro bono counsel to file a second amended complaint or to certify that the amended complaint at Dkt. 20 complies with the requirements of Fed. R. Civ. P. 11, and to provide a date by which Defendants must file their Fed. R. Civ. P. 12 motions to dismiss.

DATED this 3rd day of October, 2016.

ROBERT W. FERGUSON
Attorney General

JANA HARTMAN, WSBA #35524
Assistant Attorneys General
Attorneys for Defendant
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-7352
E-mail: *JanaF@atg.wa.gov*

DEFENDANTS' MEMORANDUM IN SUPPORT
OF PARTIAL MOTION TO DISMISS
CAUSE NO. 16-00525 RSL

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## DECLARATION OF SERVICE

I hereby declare on the date below that I caused the foregoing document to be electronically filed with the Clerk of the Court using the E-filing system, and I also caused a copy of this document to be served on all parties or their counsel of record as follows:

Scott Iceberg
scotticeberg@yahoo.com

I declare under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

DATED this _3_ day of October, 2016, at Seattle, Washington.

MONICA TOFOLEANU, Legal Assistant
monicat@atg.wa.gov

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
NO. 16-CV-00525-RSL

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352